**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUNHUI JIANG, Individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS |
| v. | |
| | JURY TRIAL DEMANDED |
| BLUECITY HOLDINGS LIMITED, BAOLI MA, ZHIYONG (BEN) LI, ZHE WEI, WEI YING, COLLEEN A. DE VRIES, AMTD GLOBAL MARKETS LIMITED, LOOP CAPITAL MARKETS LLC, TIGER BROKERS (NZ) LIMITED, PRIME NUMBER CAPITAL LLC, R. F. LAFFERTY & CO., INC., and COGENCY GLOBAL INC., | CLASS ACTION |
| Defendants. | |

Plaintiff Junhui Jiang ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by

1

Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding BlueCity Holdings Limited ("BlueCity" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of all persons and entities, other than Defendants, who purchased or otherwise acquired BlueCity American Depositary Shares ("ADSs") pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about July 8, 2020 (the "IPO" or the "Offering"), seeking to recover compensable damages caused by Defendants' violations of the securities laws and to pursue remedies under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") (the "Class"). The claims in this action arise from BlueCity's materially misleading Offering Documents issued in connection with the IPO.

2.     BlueCity operates a platform for the LGBTQ—lesbian, gay, bisexual, transgender, and queer (or questioning)—community primarily under the BlueCity brand in China, India, Korea, Thailand, and Vietnam. The Company operates a mobile application, *Blued*, together with other products and services. The Company's LGBTQ platforms provide products and services, including social and entertainment, online health consulting and online pharmacy, and assisted reproductive technology service.

3.     On June 16, 2020, BlueCity filed a registration statement on Form F-1 with the SEC in connection with the IPO, which, after amendment, was declared effective on July 7, 2020 (the "Registration Statement").

2

4.     On July 8, 2020, BlueCity filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents").

5.     That same day, BlueCity conducted the IPO pursuant to the Offering Documents, issuing 5.3 million of the Company's ADSs to the public at the Offering price of $16.00 per ADS for approximate proceeds of $78.86 million to the Company before expenses and after applicable underwriting discounts and commissions.

6.     The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Specifically, the Offering Documents were false or misleading and/or failed to disclose that: (1) Defendants had overstated BlueCity's business and financial prospects; (2) the Company was ill-equipped to absorb the costs of becoming a publicly traded company, including IPO- and growth-related costs; (3) as a result of all the foregoing, Defendants had misrepresented the Company's capability for sustainable growth; and (4) as a result, the Offering Documents were materially false or misleading and/or failed to state information required to be stated therein.

7.     On December 2, 2020, BlueCity issued a press release announcing the Company's unaudited financial and operating results for the third quarter of the Company's fiscal year 2020. That press release reported, among other results, that the Company's cost of revenues had increased 41.3% year-over-year, selling and marketing expenses had increased 86.3% year-over-year, technology and development expenses had increased 49.5% year-over-year, and general and administrative expenses had increased *4,349%* year-over-year. BlueCity attributed these sharply

increased costs to, *inter alia*, the growth of revenue-sharing costs, expenses related to the Company's IPO, and increased advertising and promotion expenses and staff costs.

8.      On this news, BlueCity's ADS price fell $3.30 per ADS, or 22.84%, to close at $11.15 per ADS on December 2, 2020.

9.      Then March 23, 2021, BlueCity issued a press release announcing its results for the fourth quarter of 2020. Among other results, BlueCity announced revenue of $42.7 million, missing consensus estimates by $3.92 million. BlueCity also reported that the Company's cost of revenues had increased 29.0% year-over-year, selling and marketing expenses increased 56.7% year-over-year, technology and development expenses increased 9.0% year-over-year, and general and administrative expenses had increased ***345.5%*** year-over-year. BlueCity attributed these increased costs to, *inter alia*, the growth of revenue-sharing costs and live streaming services, increased advertising and promotion expenses and staff costs, increased staff cost in technology and development personnel, share-based compensation expenses, and increased professional fees and staff cost.

10.      On this news, BlueCity's ADS price fell $3.25 per ADS, or 26.71%, over the following two trading sessions, to close at $8.92 per ADS on March 24, 2021.

11.      At the time this Complaint was filed, BlueCity's ADSs have continued to trade below the $16.00 per share Offering price, damaging investors.

12.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of BlueCity's ADSs, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

13.     The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l, and 77o).

14.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v).

15.     Venue is proper in this Judicial District pursuant to Section 28 U.S.C. § 1391(b) as the alleged misleading public filings and press releases entered this district.

16.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

17.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, acquired BlueCity ADSs pursuant and/or traceable to the Offering Documents issued in connection with the IPO and suffered damages as a result of the securities law violations and false or misleading statements or material omissions alleged herein.

18.     Defendant BlueCity is a Cayman Islands offshore holding company with principal executive offices located at Block 2 Tower B Room 028, No. 22 Pingguo Shequ, Bai Zi Wan Road, Chaoyang District, Beijing 100022, People's Republic of China. The Company's ADSs trade on the NASDAQ under the ticker symbol "BLCT."

19.     Defendant Baoli Ma ("Ma") has served as BlueCity's Chairman of the Board of Directors and Chief Executive Officer at all relevant times. Ma signed or authorized the signing of the Registration Statement filed with the SEC.

20.     Defendant Zhiyong (Ben) Li ("Li") has served as BlueCity's Chief Financial Officer at all relevant times. Li signed or authorized the signing of the Registration Statement filed with the SEC.

21.     Defendant Zhe Wei ("Wei") served as a Director of BlueCity at the time of the IPO. Wei signed or authorized the signing of the Registration Statement filed with the SEC.

22.     Defendant Wei Ying ("Ying") served as a Director of BlueCity at the time of the IPO. Ying signed or authorized the signing of the Registration Statement filed with the SEC.

23.     Defendants Ma, Li, Wei, and Ying are sometimes referred to herein collectively as the "Director Defendants."

24.     Each of the Director Defendants:

  a.   directly participated in the management of the Company;

  b.   was directly involved in the day-to-day operations of the Company at the highest levels;

  c.   was privy to confidential proprietary information concerning the Company and its business and operations;

  d.   was directly or indirectly involved in drafting, producing, reviewing or disseminating the false and misleading statements and information alleged herein;

  e.   was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

  f.   was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

  g.   approved or ratified these statements in violation of the federal securities laws.

25.     As directors, executive officers and/or major shareholders of the Company, the Director Defendants participated in the solicitation and sale of BlueCity ADSs in the IPO for their own benefit and the benefit of BlueCity. The Director Defendants were key members of the IPO working group and executives of BlueCity who pitched investors to purchase the shares sold in the IPO, including in IPO road shows.

26.     BlueCity is liable for the acts of the Director Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

27.     Defendant Colleen A. De Vries ("De Vries") served as Senior Vice President on behalf of Defendant Cogency Global Inc. ("Cogency Global"), the designated U.S. Representative of Defendant BlueCity, and reviewed, contributed to, and signed the Registration Statement.

28.     Defendant De Vries, collectively with the Director Defendants, is sometimes referred to herein as the "Individual Defendants."

29.     Each of the Individual Defendants participated in the preparation of and signed or authorized the signing of the Registration Statement (defined below) and/or an amendment thereto, and the issuance of the Registration Statement.

30.     Defendant AMTD Global Markets Limited ("AMTD") was an underwriter for the IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

31.     Defendant Loop Capital Markets LLC ("Loop Capital") was an underwriter for the IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.  Loop Capital has offices in New York.

32.     Defendant Tiger Brokers (NZ) Limited ("Tiger Brokers") was an underwriter for the IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents.

33.     Defendant Prime Number Capital LLC ("Prime Number") was an underwriter for the IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents. Prime Number has offices in New York in this District.

34.     Defendant R. F. Lafferty & Co., Inc. ("Lafferty") was an underwriter for the IPO, serving as a financial advisor for and assisting in the preparation and dissemination of the Company's false and misleading Offering Documents. Lafferty has offices in New York.

35.     The Defendants named in ¶¶ 30-34 above are collectively referred to herein as the "Underwriter Defendants."

36.     The Underwriter Defendants agreed to purchase and sell BlueCity ADSs to the public as follows:

| Name | Number of Shares |
|---|---|
| AMTD Global Markets Limited | 2,960,050 |
| Loop Capital Markets LLC | 590,950 |
| Tiger Brokers (NZ) Limited | 1,590,000 |
| Prime Number Capital LLC | 132,500 |
| R. F. Lafferty & Co., Inc. | 26,500 |

37.     Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Offering Documents. The Underwriter Defendants' failure to conduct adequate due diligence investigations was a substantial factor leading to the harm complained of herein.

38.     The Underwriter Defendants are primarily investment banking houses that specialize, *inter alia*, in underwriting public offerings of securities. As the underwriters of the Offering, the Underwriter Defendants earned lucrative underwriting fees as a result of their participation in the Offering.

39.     In addition, the Underwriter Defendants met with potential investors and presented highly favorable, but materially incorrect and/or misleading, information about the Company, its business, products, plans, and financial prospects and/or omitted to disclose material information required to be disclosed under the federal securities laws and applicable regulations promulgated thereunder.

40.     Representatives of the Underwriter Defendants also assisted the Company and Individual Defendants with planning the Offering. They further purported to conduct an adequate and reasonable investigation into the business, operations, products, and plans of the Company, an undertaking known as a "due diligence" investigation. During the course of their "due diligence," the Underwriter Defendants had continual access to confidential corporate information concerning the Company's business, financial condition, products, plans, and prospects.

41.     In addition to having access to internal corporate documents, the Underwriter Defendants and/or their agents, including their counsel, had access to the Company's lawyers, management, directors, and top executives to determine: (1) the strategy to best accomplish the Offering; (2) the terms of the Offering, including the price at which the Company's ADSs would be sold; (3) the language to be used in the Offering Documents; (4) what disclosures about the Company would be made in the Offering Documents; and (5) what responses would be made to the SEC in connection with its review of the Offering Documents. As a result of those constant contacts and communications between the Underwriter Defendants' representatives and the

Company's management and top executives, at a minimum, the Underwriter Defendants should have known of the Company's undisclosed existing problems and plans and the material misstatements and omissions contained in the Offering Documents, as detailed herein.

42.     The Underwriter Defendants also demanded and obtained an agreement from BlueCity that the Company would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws.

43.     Defendant Cogency Global was BlueCity's authorized U.S. representative for purposes of the IPO. Defendant De Vries, who signed the Registration Statement, was an employee of Defendant Cogency Global. As a result, Defendant Cogency Global is liable for the securities law violations committed by Defendant De Vries in its capacity as employer and as a control person under the Securities Act.

44.     BlueCity, the Individual Defendants, the Underwriter Defendants, and Cogency Global are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

45.     On June 16, 2020, BlueCity filed the Registration Statement on Form F-1 with the SEC in connection with the IPO, which, after amendment, was declared effective on July 7, 2020.

46.     On July 8, 2020, BlueCity filed the Prospectus on Form 424B with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement.

47.     That same day, BlueCity conducted the IPO pursuant to the Offering Documents, issuing 5.3 million ADSs to the public at the Offering price of $16.00.

## **Materially False and Misleading Statements**

48.     The Offering Documents touted BlueCity's "large and active user base," particularly monthly active users ("MAUs") and daily active users ("DAUs") generated through the Company's *Blued* mobile application, in addition to, among other indicators of strong business and future growth prospects, the Company's dominant market position in several countries, stating, *inter alia*:

> We are the dominant leader in China. In 2019, we had average MAUs and average DAUs over six and nearly seven times that of the next largest player in China, respectively…. *Blued*'s average MAUs grew from 4.1 million in the three months ended March 31, 2018 to 6.0 million in the three months ended March 31, 2020. Leveraging our experience in China, we have successfully expanded into a number of overseas markets and established a strong global presence. We are the largest online LGBTQ community in India, Korea, Thailand and Vietnam in terms of average MAUs in 2019…. We are rapidly expanding into new markets, and have users spanning over 210 countries and regions as of March 31, 2020. …. Users in countries and regions outside of China represented over 49% of our total MAUs in March 2020.

49.     The Offering Documents also asserted BlueCity's ability to capitalize on its user base and dominant market position, in addition to citing historical results that indicated the Company was experiencing increased and sustainable profitability. For example, the Offering Documents stated that the Company's "total revenues increased by 51.4% to RMB758.9 million (US$107.2 million) in 2019 from RMB501.3 million in 2018, and by 42.8% to RMB207.5 million (US$29.3 million) for the three months ended March 31, 2020 from RMB145.3 million for the three months ended March 31, 2019," while the Company's "net loss decreased by 63.4% to RMB7.6 million (US$1.1 million) for the three months ended March 31, 2020 from RMB26.4 million for the three months ended March 31, 2019."

50.     Similarly, the Offering Documents made positive statements regarding BlueCity's historically profitable average revenue per paying user ("ARPPU"), which purportedly benefited, in part, from the ongoing COVID-19 pandemic, stating, *inter alia*:

> Our ARPPU for live streaming services increased from RMB1,279 in 2018 to approximately RMB2,059 in 2019, primarily due to more interactive and engaging formats and features offered in our live streaming business. Our ARPPU for live streaming services increased from RMB995 in the three months ended March 31, 2019 to RMB1,010 in the three months ended March 31, 2020, primarily due to our continuous efforts to enhance our live streaming services…. Our paying users for live streaming services increased from approximately 137 thousand in the three months ended March 31, 2019 to 178 thousand in the three months ended March 31, 2020, primarily due to our continued monetization efforts in overseas markets, as well as increased user activity and willingness to pay as a result of COVID-19 related movement restrictions. We launched our membership services in June 2018, and our paying users for membership services increased from approximately 85 thousand in 2018 to 457 thousand in 2019. Our paying users for membership services increased from approximately 122 thousand in the three months ended March 31, 2019 to 295 thousand in the three months ended March 31, 2020. We have been enhancing various features of our membership services. Therefore we have made substantial progress in user acquisition in 2019 and monetization efforts in international markets in 2020 to date.

51.     In the Offering Documents' discussion of key factors affecting BlueCity's results of operations, Defendants downplayed difficulties related to the Company's ability to further improve cost efficiency, stating, in relevant part, that BlueCity's "results of operations depend on our ability to manage our costs and expenses"; that BlueCity's "cost of revenues consists primarily of revenue-sharing costs, staff costs and processing fees and service charges payable to third-party business partners"; that "[i]t is critical for us to manage our costs and expenses effectively and improve operational efficiency"; that BlueCity "expect[s] the absolute amount of [its] staff costs to increase as [it] grow[s] [its] business"; and that the Company "will also invest in the growth of [its] platform by incurring selling and marketing expenses as [it] expand[s] into global markets and promote[s] more diversified services for the LGBTQ community". None of these statements adequately apprised investors of the severe cost inefficiencies the Company was poised to face

12

under the strain of its IPO- and growth-related costs associated with becoming a publicly traded company.

52.     Moreover, the Offering Documents represented, *inter alia*, that BlueCity has "invested significant resources to . . . ensure the sustainable growth of [its] platform," that the Company has "a highly-scalable, cloud-based technology infrastructure to ensure the sustainable growth of [its] platform," and that "[t]alent development is fundamental to [BlueCity's] sustainable growth," while touting the myriad ways the Company ensured this development, including BlueCity's "new employee training" program, which "provide[s] comprehensive training tailored to new employees' personal goals to help them effectively and holistically align themselves with [the Company's] corporate culture," as well as "various interactive training programs to develop [BlueCity] employees' professional skills and capabilities, including 'Knowledge and Innovation Sharing Sessions' in which [BlueCity] teach[es] them innovative skills and ideas to help them better develop [the Company's] businesses as well as their own career."

53.     The statements referenced in ¶¶ 48-52 were materially false and misleading because the Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Specifically, the Offering Documents made false or misleading statements and/or failed to disclose that: (1) Defendants had overstated BlueCity's business and financial prospects; (2) the Company was ill-equipped to absorb the costs of becoming a publicly traded company, including IPO- and growth-related costs; (3) as a result of all the foregoing, Defendants had misrepresented the Company's capability for sustainable growth; and (4) as a result, the Offering Documents were materially false or misleading and failed to state information required to be stated therein.

**The Truth Emerges**

54.     On December 2, 2020, pre-market, BlueCity issued a press release announcing the Company's unaudited financial and operating results for the third quarter of the Company's fiscal year 2020. This press release reported, among other results, that "[t]he cost of revenues was RMB201.6 million (US$29.7 million), representing an increase of 41.3% year-over-year," which was "primarily due to the growth of revenue-sharing costs along with the continued growth of live streaming services, as well as the share-based compensation expenses with the Company's [IPO] condition"; that "[s]elling and marketing expenses were RMB58.0 million (US$8.5 million), representing an increase of 86.3% year-over-year," which "was mainly due to the increased advertising and promotion expenses and staff cost, as well as the share-based compensation expenses with the IPO condition"; that "[t]echnology and development expenses were RMB50.3 million (US$7.4 million), representing an increase of 49.5% year-over-year," which "was mainly due to the share-based compensation expenses with the IPO condition"; and that "[g]eneral and administrative expenses were RMB132.4 million (US$19.5 million), representing an increase of ***4349%*** year-over-year" (emphasis added), which "was mainly due to professional service fees incurred for the IPO and the share-based compensation expenses with the IPO condition."

55.     On this news, BlueCity's ADS price fell $3.30 per ADS, or 22.84%, to close at $11.15 per ADS on December 2, 2020.

56.     Then, March 23, 2021, pre-market, BlueCity issued a press release announcing its results for the fourth quarter of 2020.  Among other results, BlueCity announced revenue of $42.7 million, missing consensus estimates by $3.92 million.  This press release also reported that "[t]he cost of revenues was RMB209.3 million (US$32.1 million), representing an increase of 29.0% year-over-year," which "was primarily due to the growth of revenue-sharing costs along with the

continued growth of live streaming services"; that "[s]elling and marketing expenses were RMB49.7 million (US$7.6 million), representing an increase of 56.7% year-over-year," which "was mainly due to increased advertising and promotion expenses and staff cost"; that "[t]echnology and development expenses were RMB37.3 million (US$5.7 million), representing an increase of 9.0% year-over-year," which "was mainly due to the increased staff cost in technology and development personnel"; and that "[g]eneral and administrative expenses were RMB56.5 million (US$8.7 million), representing an increase of *345.5%* year-over-year" (emphasis added), which "was mainly due to share-based compensation expenses, as well as the increased professional fees and staff cost."

57.     On this news, BlueCity's ADS price fell $3.25 per ADS, or 26.71%, over the following two trading sessions, to close at $8.92 per ADS on March 24, 2021.

58.     At the time this Complaint was filed, BlueCity's ADSs have continued to trade below the $16.00 per share Offering price, damaging investors.

59.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's ADSs, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

60.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired BlueCity ADSs in its IPO or purchased ADSs thereafter in the stock market pursuant and/or traceable to the Company's Offering Documents issued in connection with the IPO and were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, members of the Individual Defendants'

immediate families, legal representatives, heirs, successors or assigns and any entity in which the officers and directors of the Company have or had a controlling interest.

61. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by BlueCity or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions, including being given an opportunity to exclude themselves from the Class.

62. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

63. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

64. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the party opposing the Class.

65. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

      a.   Whether the Securities Act was violated by Defendants as alleged herein;

b. Whether statements made by Defendants to the investing public in the Offering Documents misrepresented material facts about the business and operations of BlueCity; and

c. The extent to which members of the Class have sustained damages and the proper measure of damages.

66.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
**Violation of Section 11 of The Securities Act**
**Against All Defendants**

67.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

68.     This Cause of Action is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

69.     This Cause of Action does not sound in fraud. Plaintiff does not allege that Defendants had scienter or fraudulent intent, which are not elements of a Section 11 claim.

70.     The Offering Documents for the IPO were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

71.     The Defendants named in this Cause of Action are strictly liable to Plaintiff and the Class for the misstatements and omissions.

72.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were true and without omissions of any material facts and were not misleading.

73.     By reason of the conduct herein alleged, each Defendant named herein violated, and/or controlled a person who violated, Section 11 of the Securities Act.

74.     Plaintiff acquired BlueCity ADSs pursuant and/or traceable to the Offering Documents for the Company's IPO.

75.     Plaintiff and the Class have sustained damages. The value of BlueCity ADSs has declined substantially subsequent to and because of Defendants' violations.

76.     At the time of their purchases of BlueCity ADSs, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein. Less than one year elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this Complaint is based to the time that Plaintiff commenced this action. Less than three years elapsed between the time that the securities upon which this Cause of Action is brought were offered to the public and the time Plaintiff commenced this action.

**SECOND CAUSE OF ACTION**
**Violation of Section 12(a)(2) of the Securities Act**
**Against All Defendants**

77.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness, or intentional misconduct.

78.     This Cause of Action does not sound in fraud. Any proceeding allegations of fraud, fraudulent conduct, or improper motive are specifically excluded from this Cause of Action.

Plaintiff does not allege that Defendants had scienter or fraudulent intent, which are not elements of this claim.

79.     Defendants offered, sold and/or solicited a security, namely BlueCity ADSs, by means of the IPO identified above, or were-controlling persons of BlueCity or of those who offered and sold BlueCity ADSs. The Offering Documents contained untrue and/or misleading statements of material fact that the Defendants in the exercise of reasonable care should have known were false.

80.     Defendants actively solicited the sale of BlueCity ADSs to serve their own financial interests.

81.     At the time of purchase of BlueCity ADSs, Plaintiff and other members of the Class did not know that the representations made to them by the Defendants in connection with the distribution of ADSs and the matters described above were untrue, and did not know the above described omitted material facts, were not disclosed.

82.     As a result, Plaintiff and Class members are entitled to tender BlueCity they purchased and receive from Defendants the consideration paid for those ADSs with interest thereon, less the amount of any income received thereon, or damages resulting from Defendants' conduct.

83.     Defendants are liable to Plaintiff and Class members pursuant to Section 12(a)(2) of the Securities Act, as seller of the securities in connection with the IPO.

84.     This Action is brought within three years from the time that the ADSs upon this Cause of Action is brought were sold to the public, and within one year from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this Cause of Action is based.

**THIRD CAUSE OF ACTION**
**Violation of Section 15 of the Securities Act**
**Against Individual Defendants**

85.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness, or intentional misconduct.

86.     This Cause of Action is brought pursuant to Section 15 of the Securities Act, 15 U.S.C. § 77o, on behalf of the Class, against the Individual Defendants.

87.     The Individual Defendants each were control persons of BlueCity by virtue of their positions as directors and/or senior officers of BlueCity's predecessor entities immediately prior to the IPO. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of BlueCity.

88.     The Individual Defendants were culpable participants in the violation of §11 of the Securities Act as alleged above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

89.     This claim is brought within one year after discovery of the untrue statements or omissions in the Offering that should have been made or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.      Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B.      Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.      Awarding rescission or a rescissory measure of damages; and

E.      Awarding such equitable/injunctive or other relief as the Court may deem just and proper, including permitting any putative Class members to exclude themselves by requesting exclusion through noticed procedures.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: July 19, 2021                         Respectfully submitted,

                                             **THE ROSEN LAW FIRM, P.A.**

                                             By:/s/ Phillip Kim
                                             Phillip Kim, Esq. (PK 9384)
                                             Laurence M. Rosen, Esq. (LR 5733)
                                             275 Madison Ave., 40th Floor
                                             New York, NY 10016
                                             Tel: (212) 686-1060
                                             Fax: (212) 202-3827
                                             Email: pkim@rosenlegal.com
                                             Email: lrosen@rosenlegal.com


                                             *Counsel for Plaintiff*