UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUNHUI JIANG, *Individually and on behalf of
all others similarly situated*,

                      Plaintiff,

              -against-

BLUECITY HOLDINGS LIMITED, BAOLI
MA, ZHIYONG (BEN) LI, ZHE WEI, WEI
YING, COLLEEN A. DE VRIES, AMTD
GLOBAL MARKETS LIMITED, LOOP
CAPITAL MARTKETS LLC, TIGER
BROKERS (NZ) LIMITED, PRIME
NUMBER CAPITAL LLC, R. F. LAFFERTY
& CO., INC., and COGENCY GLOBAL,
INC.,

                      Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
21CV 04044 (FB) (CLP)

**POLLAK**, United States Magistrate Judge:

On July 19, 2021, plaintiff Junhui Jiang ("Jiang"), individually and on behalf of others similarly situated, commenced the first-filed action against defendants BlueCity Holdings Limited ("BlueCity"), Baoli Ma, Zhiyong (Ben) Li, Zhe Wei, Wei Ying, Colleen A. De Vries, AMTD Global Markets Limited, Loop Capital Markets, LLC, Tiger Brokers (NZ) Limited, Prime Number Capital LLC, R.F. Lafferty & Co., Inc., and Cogency Global Inc. (collectively, "defendants"), alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77k, 77l(a)(2), and 77o.

On September 17, 2021, Shiyuan Zhu filed a motion for appointment as lead plaintiff and to approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel, pursuant to Section 27 of the Securities Act of 1933, as amended by the PSLRA. On that same

day, Hui Yan Huang ("Huang") filed a separate motion seeking to be appointed lead plaintiff, with his attorneys, the Rosen Law Firm, P.A. ("Rosen Law"), as lead counsel. Yet a third request to be appointed lead plaintiff was filed on that same day by Patrick Van der Schueren, who also sought the appointment of Pomerantz LLP as lead counsel.

Thereafter, in two separate Orders entered on September 17 and 20, 2021, the Honorable Frederic Block referred the motions to the undersigned to decide.

For the reasons set forth below, the Court appoints Shiyuan Zhu and Hui Yan Huang as co-lead plaintiffs and Levi & Korsinsky and Rosen Law as co-lead counsel.

## FACTUAL BACKGROUND

The Complaint alleges that defendant BlueCity operates a platform for the LGBTQ community in China, India, Korea, Thailand and Vietnam. (Compl.[1] ¶ 2). This includes a mobile application and other products and services, including social and entertainment products and services, online health counseling, an online pharmacy, and assisted reproductive technology services. (Id.) On June 16, 2020, BlueCity filed a registration statement with the United States Securities and Exchange Commission ("SEC") in connection with its initial public offering ("IPO"), and on July 8, 2020, BlueCity issued 5.3 million of the Company's American Depositary Shares ("ADS"), pursuant to the Offering documents.[2] (Id. ¶¶ 3-5, 45-47).

The Complaint alleges that defendants disseminated negligently prepared, and thus materially false or misleading, Offering documents to investors in connection with the IPO. (Id. ¶¶ 6, 53). According to the Complaint, the Offering documents were not prepared in accordance

---

[1] Citations to "Compl." refer to the Complaint filed in this matter on July 19, 2021, ECF No. 1.

[2] The "Offering documents" include the Registration Statement and a Prospectus filed on Form 424B4. (Compl. ¶ 4).

with the applicable rules and regulations. (Id. ¶ 53). Specifically, the Offering documents touted the Company's user base, along with other indicators of strong business growth, but failed to disclose that defendants had overstated BlueCity's business and financial prospects. (Id.) In addition, the Company was not equipped to become a publicly traded company, which defendants failed to disclose, and defendants misrepresented the Company's prospects for sustainable growth. (Id.) Following the issuance of a press release in December 2020 announcing the Company's unaudited financial and operating results and another in March 2021, the price per share of BlueCity's ADS fell below the initial offering price of $16.00 per share. (Id. ¶¶ 54-58). Plaintiffs, who purchased or otherwise acquired BlueCity ADSs, allege that they were damaged as a result of defendants' misrepresentations and omissions. (Id. ¶¶ 59, 60).

On July 19, 2021, plaintiff Jiang commenced this securities class action against the defendants and thereafter, the three competing motions for appointment as lead plaintiff were filed on September 17, 2021. On October 1, 2021, plaintiff Van Der Schueren filed a Notice of Non-Opposition to the competing motions filed by Zhu and Huang, withdrawing his motion for appointment as lead counsel and conceding that he does not have the "largest financial interest" in the litigation. (ECF No. 14). On that same day, October 1, 2021, the parties filed a Stipulation and [Proposed] Order appointing Zhu and Huang as co-lead plaintiffs and their counsel, Levi & Korsinsky and the Rosen Firm as co-lead counsel. (ECF No. 15).

DISCUSSION

1. Legal Standard

Congress enacted the PSLRA in order to "increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions

of plaintiff's counsel." Vladimir v. Bioenvision, Inc., No. 07 CV 6416, 2007 WL 4526532, at *3 (S.D.N.Y. Dec. 21, 2007) (quoting In re Bausch & Lomb Inc. Sec. Litig., 244 F.R.D. 169, 171 (W.D.N.Y. 2007), opinion modified on denial of reconsideration, No. 06 CV 6294, 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007)). Consequently, the PSLRA amended the Exchange Act by setting forth new procedures that govern securities class actions. Weltz v. Lee, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).

The PSLRA provides that, within 20 days of the filing of the complaint, the plaintiff must issue a notice "in a widely circulated national business-oriented publication or wire service" that advises members of the proposed class "of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also inform members of the class that they can file a motion to serve as lead plaintiff no later than 60 days after the date on which the notice is published. Id.

The PSLRA also governs the appointment of lead plaintiff and lead counsel. 15 U.S.C. § 78u-4(a)(1). It provides that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff')." 15 U.S.C. § 78u-4(a)(3)(B)(i); see also Schulman v. Lumenis, Ltd., No. 02 CV 1989, 2003 WL 21415287, at *3 (S.D.N.Y. June 18, 2003).

The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the individual who: "(aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only if a

4

member of the class presents evidence that the presumed most adequate plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The only Rule 23 requirements that must be met in PSLRA cases are typicality and adequacy. Reitan v. China Mobile Games & Entm't Grp., Ltd., 68 F. Supp. 3d 390, 395 (S.D.N.Y. 2014) (citing Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 397 (S.D.N.Y.2008); In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 102 (S.D.N.Y.2005)). Moreover, in a motion such as this, the plaintiff "need only make a 'preliminary showing'" that these requirements have been met. Schulman v. Lumenis, Ltd., 2003 WL 21415287, at *5 (quoting In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998), opinion adhered to on reconsideration sub nom. In re Olsten Corp., 181 F.R.D. 218 (E.D.N.Y. 1998)) (noting that "[a]ny preliminary class certification findings of adequacy and typicality made at this time[] do not preclude any party from contesting the ultimate class certification").

Finally, with respect to the selection of the lead counsel, the PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

  2. Analysis

     a. Timing Requirements of the PSLRA

In this case, both Zhu and Huang submitted timely motions for appointment as lead plaintiff, and no one else other than Mr. Van Der Schueren has opposed either of their motions. The Complaint was filed on July 19, 2019; on the same day, counsel for plaintiff Jiang caused

5

notice to be published over the *Business Wire*. (Hopkins Decl., Ex. C[3]). Courts have found the *Business Wire* to be a suitable publication for notice. See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., 229 F.R.D. 395, 403 (S.D.N.Y. 2004) (citing cases). Thus, the notice requirement of the PSLRA is satisfied.

Moreover, within 60 days "after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). In this case, notice was published on July 19, 2019 and both Zhu and Huang filed their motions September 17, 2021, which was 60 days from the date of the notice. Thus, both motions were timely. See Ibew Local 90 Pension Fund v. Deutsche Bank AG, No. 11 CV 4209, 2011 WL 6057812, at *1 n.1 (S.D.N.Y. Dec. 5, 2011).

      b.  Financial Interest

As stated above, a plaintiff must demonstrate that he has the largest financial interest in this matter in order to be deemed the most adequate plaintiff. Although the PSLRA does not define the term "largest financial interest," courts in this Circuit consider the following factors:

> (1) the total number of shares purchased (or sold) during the class period; (2) the number of net shares purchased (or sold) during the class period (*i.e.*, the difference between the number of shares purchased (or sold) and the number of shares sold (or purchased)); (3) the total net funds expended during the class period (i.e., the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate loss suffered during the class period.

Vladimir v. Bioenvision, Inc., 2007 WL 4526532, at *4. Courts have found that the fourth factor—the amount of loss—is the most important factor. See id.

---

[3] Citations to "Hopkins Decl." refer to the Declaration of Shannon L. Hopkins in Support of Movant's Motion, and "Ex. C" refers to the Press Release published in the *Business Wire*. ECF No. 7-3.

In this case, Zhu provided his limited loss chart, which indicates that he lost $72,459.25 as a result of his transactions. (Hopkins Decl., Ex. B[4]). Plaintiff Huang states that she lost approximately $82,223 in connection with her purchases. Both Zhu and Huang stated that they are not aware of any other movant that has suffered greater losses than they did. Therefore, plaintiffs satisfy this requirement.

    c. Typicality

A plaintiff's claims are typical of those of the proposed class when they arise "from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Reitan v. China Mobile Games & Entm't Grp., Ltd., 68 F. Supp. 3d at 400 (quoting Canson v. WebMD Health Corp., No. 11 CV 5382, 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7, 2011)). The lead plaintiff's claims do not have to be identical to the claims of the proposed class. Id.

Here, both Zhu's and Huang's claims are based on the legal theory that defendants violated the Securities Act, the same theory alleged on behalf of the members of the class. (Zhu Mem.[5] at 8; Huang Mem.[6] at 6). Moreover, both plaintiffs' claims arise from the same events and course of conduct, i.e., defendants' allegedly false and misleading statements about the company's financial condition. (Id.) Thus, plaintiffs Zhu and Huang have satisfied the typicality

---

[4] Citations to "Ex. B" refer to plaintiff's Limited Loss Chart, attached as Exhibit B to the Hopkins Declaration, ECF No. 7-2.

[5] Citation to "Zhu Mem." refer to the Memorandum of Law in support of plaintiff Shiyuan Zhu's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, filed on September 17, 2021, ECF No. 6.

[6] Citation to "Huang Mem." refer to the Memorandum of Law in support of plaintiff Hui Yan Huang's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, filed on September 17, 2021, ECF No. 9. In what appears to be a scrivener's error, Huang refers to the Securities Exchange Act of 1934 throughout his memorandum of law despite the fact that the only claims alleged in the Complaint are raised under the Securities Act.

requirement.

    d. Adequacy

The adequacy requirement of Rule 23 is satisfied when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous adequacy." In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y.), opinion adhered to on reconsideration sub nom. In re Olsten Corp., 181 F.R.D. 218 (E.D.N.Y. 1998) (internal citations omitted).

Here, both Zhu and Huang have significant interest in the outcome of the litigation, given the financial losses they suffered. (Zhu Mem. at 7; Huang Mem. at 4-5). Moreover, the moving parties are unaware of any conflict between their claims and those of the class. (Zhu Mem. at 9; Huang Mem. at 7). Thus, they have made a preliminary showing that they are adequate class representatives.

With respect to counsel, both Levi & Korsinsky and the Rosen Law Firm submitted biographies of their attorneys and highlighted the firms' recent accomplishments, including detailing itheir work on securities cases in this Circuit and around the country. (Huang Mem., Ex. 4; Hopkins Decl., Ex. E). Based on the legal experience of the attorneys, particularly their extensive experience in similar cases, the Court concludes that the adequacy requirement has been met by both firms.

    e. The Presumption Has Not Been Rebutted

In this case, both moving parties have submitted a declaration in which each plaintiff states that he or she is willing to serve as a representative in this matter, and they agree not to accept any payment, beyond their pro rata share of any recovery, for serving as a representative.

(Huang Mem., Ex. 2 ¶¶ 3, 6; Hopkins Decl., Ex. A ¶¶ 3, 6). Moreover, no opposition has been filed to these motions. Therefore, the Court finds that Zhu and Huang are presumptively the most adequate plaintiffs, and this presumption weighs in favor of appointing them as co-lead plaintiffs in this action.

      f.    <u>Appointment of Lead Counsel</u>

Zhu and Huang have also moved for the approval of their respective attorneys—Levi & Korsinsky and the Rosen Law Firm—to serve as co-lead counsel. While a court may interfere with the lead plaintiff's selection of counsel when necessary "to protect the interests of the class," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), the Court sees no reason to do so here. The Court has reviewed the biographies of the attorneys at both firms and surveyed their work in securities cases. Thus, the Court grants the moving parties' joint motion to appoint Levi & Korsinsky and the Rosen Law Firm as co-lead counsel in this case.[7]

## CONCLUSION

Considering the foregoing, the Court appoints Shiyuan Zhu and Hui Yan Huang as co-lead plaintiffs of the class. The Court further approves plaintiffs' selection of the firm of Levi & Korsinsky and the Rosen Law Firm, P.A. as co-lead counsel.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

---

[7] The Court notes that the undersigned has approved the selection of the Rosen Law Firm as lead counsel in at least one prior securities case. See <u>Bensley v. FalconStor Software, Inc.</u>, 277 F.R.D. 231, 232 (E.D.N.Y. 2011).

9

**SO ORDERED.**

Dated: Brooklyn, New York
December 22, 2021

                                          /s/ Cheryl L. Pollak
                                          Cheryl L. Pollak
                                          United States Magistrate Judge
                                          Eastern District of New York