# quinn emanuel  trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

June 3, 2022

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

**VIA ECF**

WRITER'S EMAIL ADDRESS
**michaelcarlinsky@quinnemanuel.com**

Hon. Frederic Block
United States District Judge, E.D.N.Y.
225 Cadman Plaza E
Brooklyn, NY 11201

Re:     *Jiang v. BlueCity Holdings Limited et al.*, No. 1:21-cv-04044

Dear Judge Block:

On behalf of BlueCity Holdings Limited ("BlueCity" or the "Company"), pursuant to Rule 2(A) of this Court's Individual Motion Practices and Rules, we respectfully request a pre-motion conference to seek leave to move to dismiss the Amended Complaint dated April 15, 2022 (ECF No. 22, "Amended Complaint" or "AC") or, in the alternative, to stay this action (the "Action") pending resolution of a first-filed putative class action asserting substantially similar claims under the 1933 Securities Act in the Commercial Division of New York State's Supreme Court titled *Lorenzo v. BlueCity Holdings Limited, et al.*, Index No. 652894/2021 (the "State Action").

## A.      Background

BlueCity operates an online platform for LGBTQ individuals in China, India, Korea, Thailand, and Vietnam.  On July 8, 2020, the Company launched an IPO accompanied by a July 7, 2020 registration statement and July 8, 2020 prospectus ("Pr.," together, "Offering Materials").[1] The Offering Materials devote nearly 60 pages to the "significant risks" of investing, including the "regulatory environment," lack of profitability, and rising expenses.  *See* Pr. at 16, 21, 41.

This case follows a familiar pattern: a fledgling company launches an IPO, then disappointed shareholders file suit after the alleged materialization of well-known risks.  Plaintiff claims the Offering Materials failed to disclose (i) China's crackdown on LGBTQ content, *e.g.* AC ¶¶ 2, 5, and (ii) the decline of the Company's small family planning services segment, AC ¶¶ 125-127.  But Plaintiff's allegations about China's intensive, public, *pre-IPO* restrictions on LGBTQ content show this risk was well-known, and the Offering Materials warn about both risks.

## B.      Plaintiff Fails to Allege A Single Actionable Statement Under Section 11

Section 11 requires Plaintiff to allege that BlueCity made a material misstatement or omission in the Offering Materials.  *See, e.g.*, *In re Morgan Stanley Info. Fund Sec. Litig.*, 592

---

[1] The prospectus is available at https://sec.report/Document/0001193125-20-189220/.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Hon. Frederic Block
June 3, 2022

F.3d 347, 358-59 (2d Cir. 2010). But the identified statements are inactionable, as detailed below.

***Revenue from Membership Services***. Plaintiff asserts it was misleading to state that the Company expected revenue from "membership services" to increase quickly, because, as imagined by Plaintiff, this suggested such services were a "path to profitability." AC ¶¶ 115, 118. But Plaintiff alleges no such statement about profitability. And this forward-looking statement is accompanied by 60 pages of Risk Factors, such that no "reasonable investor could consider [it] important in light of adequate cautionary language." *Halperin v. eBanker USA.com, Inc.*, 295 F.3d 352, 357 (2d Cir. 2002) (referring to "this rule of law" as "the 'bespeaks caution' doctrine.").

***Continued Diversification***. BlueCity's statement that it would "continue to diversify our product and service offerings" is textbook puffery. *See* AC ¶¶ 122-123; *In re Vale S.A. Sec. Litig.*, 2017 WL 1102666, at *22 (S.D.N.Y. Mar. 23, 2017) (statements regarding "what Vale is 'seeking' to do … [and] what it is 'aiming' to do" were not actionable). Further, Plaintiff ignores the remainder of the paragraph in which the Company lists various initiatives, none of which Plaintiff claims were untrue. Pr. at 90-91. And Plaintiff's allegations fail to establish that the "healthcare space" was BlueCity's only diversification opportunity to serve its 50 million users, *see* AC ¶ 123, nor why expanding offerings in the broad healthcare space does not constitute diversification.

***Family Planning***. Plaintiff identifies no misstated facts about family planning, nor "contemporaneous" facts suggesting any statements were false when made. *In re HEXO Corp. Sec. Litig.*, 524 F. Supp. 3d 283, 302 (S.D.N.Y. 2021). Further, the Offering Materials disclosed that family planning was never more than an immaterial, tiny fraction of Company revenue and might well fail. *See* Pr. 28-29, AC ¶ 125. The statement that family planning "never gained great traction"—made nine months after the IPO—nowhere indicates the Company knew as of the IPO that there could not be "significant monetization upside" (which itself is a protected, forward-looking statement), much less that the Company would discontinue that business. AC ¶¶ 127-129; *see also Cheng v. Canada Goose Hldg. Inc.*, 2021 WL 3077469, at *8 (S.D.N.Y. July 19, 2021) ("statements about the company's goal or plan … were not promises to maintain that policy in the future, and thus were not rendered misleading by … an alternative plan") (quotation omitted).

***Regulatory Risk***. Plaintiff asserts that BlueCity "obscur[ed]" or "omitted" risks associated with China's restrictions around LGBTQ content online. AC ¶¶ 130-136. But the Amended Complaint devotes page after page to China's public, *pre-IPO* campaign to restrict such content. *See e.g.*, AC ¶¶ 66-74; *In re Qudian Inc. Sec. Litig.*, 2019 WL 4735376, at *7 (S.D.N.Y. Sept. 27, 2019) (no obligation to disclose "information that is publicly known … or which constitutes generally applicable laws and regulations"). And the Offering Materials adequately warned investors of this very regulatory risk. *See, e.g.*, Pr. at 19-21, 29, 32, 139-140. Plaintiff also takes issue with the warning that "regulations *may* significantly increase our compliance costs." AC ¶¶ 133-134. But in the context of public disclosures and Company warnings about regulations *and* increasing expenses, *e.g.* Pr. 13, 21, 95, this could not mislead a reasonable investor.

Plaintiff also claims the Company concealed the crackdown by using "gay" and "LGBTQ"

2

Hon. Frederic Block
June 3, 2022

in the Offering Materials, but not on its Chinese-language website or mobile app.  AC ¶¶ 7, 61, 91-97.  Plaintiff fails to explain how any company could conceal an alleged years-long, public government crackdown, particularly where, as here, both English and Chinese-language materials were publicly available.  Plaintiff's allegations are also wrong: the Company's Chinese-language website and press releases repeatedly used such terms as "LGBTQ", "same-sex dating", or "gay."[2]

### C.      Plaintiff Fails to Allege An Item 303 Breach

Plaintiff's four-paragraph (AC ¶¶ 138-141) Item 303 claim fails because the Offering Materials, and the Chinese government, disclosed the underpinning of Plaintiff's claim—China's restriction of LGBTQ content.  *See, e.g.* AC ¶¶ 66-114; Pr. at 32 (warning Company app could be "removed from app stores"); *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 576 (S.D.N.Y. 2013) (information "readily accessible in the public domain" cannot support non-disclosure liability) (quotation omitted), *aff'd*, 566 F. App'x. 93 (2d Cir. 2014).  And, as discussed above, the Company disclosed the risks of its family planning segment, and Plaintiff pleads no contemporaneous facts that the Company was planning to discontinue that business as of the IPO. *In re Jumei Int'l Hldg. Ltd. Sec. Litig.*, 2017 WL 95176, at *4 (S.D.N.Y. Jan. 10, 2017) (rejecting inference that company knew, as of IPO, of strategy change that took place four months later).

### D.      Alternatively, This Action Should Be Stayed

"[A] district may stay federal proceedings to allow resolution of a similar cause of action pending in state court."  *Cognizant Tech. Sols. Corp. v. Bohrer*, PLLC, 2022 WL 861510, at *1 (S.D.N.Y. Mar. 23, 2022) (quotation omitted).  At a minimum, this Action should be stayed pending disposition of the first-filed State Action, for which a motion to dismiss is now fully briefed, and which arises from the same facts and circumstances and requires "litigating substantially the same issue."  *See Tuebor Reit Sub LLC v. Paul*, 2020 WL 4897137, at *4 (S.D.N.Y. Aug. 19, 2020) (staying action pending resolution of parallel Texas state proceedings).

Sincerely,

*/s/ Michael B. Carlinsky*

Michael B. Carlinsky

cc:     All counsel (via ECF)

---

[2] *See, e.g.*, BlueCity, "BlueCity Listed on NASDAQ: With Light in Your Heart, There Will Be Faraway Places" (July 10, 2020), https://www.bluecity.com/cn/news-detail?id=djDL9j&type=1; BlueCity, "The First Same-Sex Social Stock Blued Listed, a 'From 1 to 49 Million' Entrepreneurial Story" (August 7, 2020), https://www.bluecity.com/cn/news-detail?id=Ojqo15&type=2.  The anticipated motion will provide translations.