K&L GATES

June 3, 2022

Joanna A Diakos
Partner
joanna.diakoskordalis@klgates.com

T +1 212 536 4807
F +1 212 536 3901

**By E-mail**

Honorable Frederic Block
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Jiang v. BlueCity Holdings Limited et al.* Case No. 1:21-cv-04044

Dear Judge Block:

We represent Defendants Cogency Global Inc. and Colleen DeVries (together, the "Cogency Defendants") in the referenced action.  We write pursuant to Rule 2(a) of Your Honor's Individual Motion Practices and Rules to respectfully request a pre-motion conference to seek leave to join Defendant BlueCity Holdings Limited's anticipated motion to dismiss and/or to stay the action and to move to dismiss the claims asserted against the Cogency Defendants on the additional grounds summarized below.

The claims asserted against Ms. DeVries should be dismissed because she did not sign the Registration Statement in her personal capacity, but as an employee of Cogency Global. As the Amended Complaint concedes, "Cogency Global was BlueCity's authorized U.S. representative for purposes of the IPO."  (Am. Compl. ¶ 44.)  The Amended Complaint also alleges that Ms. DeVries served as "Senior Vice President on behalf of Cogency Global, the designated U.S. Representative of Defendant BlueCity and reviewed, contributed to, and signed the Registration Statement." (*Id.* ¶ 28.) Elsewhere, the Amended Complaint alleges "De Vries, who signed the Registration Statement, was an employee of Defendant Cogency Global."  (*Id.* ¶ 44.)  However, as the Registration Statement itself makes clear, Ms. DeVries signed the Registration Statement "on behalf of Cogency Global," the duly authorized representative. To the extent that Plaintiff purports to allege otherwise, such allegations are flatly contradicted by the Registration Statement upon which Plaintiff's Amended Complain relies.  Accordingly, Plaintiff's claims against Ms. DeVries as an individual defendant are without merit and should be dismissed.

K&L GATES LLP
599 LEXINGTON AVENUE   NEW YORK   NY 10022-6030
T+1 212 536 3900  F +1 212 536 3901  klgates.com

Further, Plaintiff's Section 12(a)(2) claim against the Cogency Defendants should be dismissed because Plaintiff has not plead any facts demonstrating that the Cogency Defendants were statutory sellers subject to Section 12(a)(2) liability. Section 12(a)(2) imposes liability only on a defendant who actually "offers or sells a security" to plaintiff. 15 U.S.C. § 771(a)(2); *see, e.g., Emerson v. Mutual Fund Series Trust,* 393 F. Supp. 3d 220, 257 (E.D.N.Y. June 25, 2019) (dismissing Section 12(a)(2) claim against individual defendants who signed registration statement); *In re Weight Watchers Int'l Sec. Litig.,* 504 F. Supp. 3d 224, 245 (S.D.N.Y. Nov. 30, 2020) (dismissing Section 12(a)(2) claim against private equity firm where plaintiffs did not allege that it actively or directly marketed the securities). "A defendant is a statutory seller if it (1) 'passed title, or other interest in the security, to the buyer for value,' or (2) 'successfully solicit[ed] the purchase [of a security], motivated at least in part by a desire to serve his own financial interests or those of the securities owner.'" *In re Weight Watchers Int'l Sec. Litig.*, 504 F. Supp. 3d at 245 (quoting *Pinter v. Dahl,* 486 U.S. 622, 648-50 (1988)). Numerous courts have held that the mere act of signing the Registration Statement is not sufficient to expose oneself to liability as a statutory seller. *See, e.g., In re Weight Watchers Int'l Sec. Litig.,* 504 F. Supp. 3d at 245 ("A pleading must allege that a defendant did more than merely sign a registration statement or prospectus to allege liability under Section 12(a)(2)."); *Yi Xiang v. Inovalon Holdings, Inc.,* 254 F. Supp. 3d 635, 646 (S.D.N.Y 2017) (dismissing Section 12 claim as to the individual defendants who were alleged to have signed the registration statement); *In re OSC Sec. Litig.,* 971 F. Supp. 2d 387 (S.D.N.Y. 2013) (noting that although prior to 2010, the Southern District courts held that signing a registration statement constitutes solicitation, more recent cases from this district, including *Citiline*, and several Court of Appeals, have all held that merely signing the registration statement does not constitute solicitation); *Citiline Holdings, Inc. v. iStar Fin., Inc.*, 701 F. Supp. 2d 506, 512 (S.D.N.Y. 2010) (holding that "an individual[] signing a registration does not itself suffice as solicitation under Section 12(a)(2)" and dismissing claims against individual defendants); *see also Chester Cnty. Emps. Ret. Fund v. Alnylam Pharms., Inc.*, 148 N.Y.S.3d 80, 2021 N.Y. Slip. Op. 02595, at *81 (1st Dep't April 29, 2021) (holding that "Section 12(a)(2) claim should be dismissed as against the individual defendants, because the complaint alleges only that they reviewed and signed the registration statements, which is insufficient to establish that they are statutory sellers"). Further, "[e]very Court of Appeals to have considered this issue . . . has held that an individual's signing a registration statement does not itself suffice as solicitation under Section 12(a)(2)." *Citiline Holdings, Inc.*, 701 F. Supp. 2d at 511 (collecting cases).

Finally, Plaintiff's Section 15 claim against Ms. DeVries should be dismissed because there is no support for the notion that a duly authorized representative, or its employee, can be considered a control person of the issuer. Plaintiff has also failed to allege any "particularized facts" as to "culpable participation" by Ms. DeVries. *See, e.g., In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d at 245 ("To plead a control person claim under Section 15 of the Securities Act, 'plaintiffs must allege . . . particularized facts as to the controlling person's culpable participation

2

June 3, 2022

in the violation of the controlled person.'"). Accordingly, the Section 15 claims against Ms. DeVries should be dismissed with prejudice.


Respectfully yours,

*Joanna A. Diakos*

Joanna A. Diakos

June 3, 2022