**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUNHUI JIANG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BLUECITY HOLDINGS LIMITED, BAOLI MA, ZHIYONG (BEN) LI, ZHE WEI, WEI YING, COLLEEN A. DEVRIES, AMTD GLOBAL MARKERS LIMITED, LOOP CAPITAL MARKETS LLC, TIGER BROKERS (NZ) LIMITED, PRIME NUMBER CAPITAL LLC, R.F. LAFFERTY & CO., INC., and COGENCY GLOBAL INC., <br><br> Defendants. | Case No. 1:21-cv-04044-FB-CLP |

**MEMORANDUM OF LAW IN SUPPORT OF THE COGENCY DEFENDANTS' JOINDER IN BLUECITY HOLDINGS LIMITED'S MOTION TO DISMISS THE AMENDED COMPLAINT**

K&L GATES  LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900

*Attorneys for Defendants Cogency Global Inc.*
*and Colleen A. De Vries*

Defendants Cogency Global Inc. and Colleen A. DeVries (together, the "Cogency Defendants"), by and through their undersigned counsel, to avoid duplication and for efficiency, hereby join in the Motion to Dismiss the Amended Complaint (the "Motion to Dismiss") filed by Defendant BlueCity Holdings Limited ("BlueCity") on September 2, 2022.   The Cogency Defendants expressly join in, adopt and incorporate by reference herein the factual background and all of the arguments and authorities set forth in BlueCity's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint, and respectfully request that the Court dismiss the Amended Complaint with prejudice.

Additionally, the claims asserted against Ms. DeVries should be dismissed because she did not sign the Registration Statement in her personal capacity but as an employee of Cogency Global. Indeed, the Amended Complaint concedes, as it must, that Cogency Global "was BlueCity's authorized U.S. representative for purposes of the IPO" (Am. Compl. ¶ 44) and that Ms. DeVries "who signed the Registration Statement, was an employee of Defendant Cogency Global." *Id.* As the Offering Documents make clear, it is Cogency Global, not Ms. DeVries personally, that was BlueCity's duly authorized representative in the United States and signed the Registration Statement.   Declaration of Joanna A. Diakos in Support of the Cogency Defendants' Joinder in BlueCity's Motion to Dismiss ("Diakos Decl.") ¶ 3, Exhibit 1 (Form F-1) at II-8 (signature block of duly authorized representative identifying "Cogency Global Inc." as the duly authorized representative in the United States and reflecting that Ms. DeVries was signing "on behalf of Cogency Global Inc."); *see also* Ex. 1 at Cover Page (identifying Cogency Global Inc. as agent for service); at 8 (same); at 80 (same); Ex. 2 (Amendment No. 1 to Form F-1) at II-8 (signature block of duly authorized representative identifying "Cogency Global Inc." as the duly authorized representative in the United States and reflecting that Ms. DeVries was signing "on behalf of

1

Cogency Global Inc."); Ex. 3 (Form F-6) (same). To the extent that Plaintiff purports to allege that Ms. DeVries was the duly authorized representative, such allegations are flatly contradicted by the Registration Statement upon which Plaintiff's Amended Complaint relies. Accordingly, Plaintiff's claims against Ms. DeVries as an individual defendant are without merit and should be dismissed with prejudice.

Further, Plaintiff's Section 12(a)(2) claim against the Cogency Defendants should be dismissed because Plaintiff has not pleaded any facts demonstrating that the Cogency Defendants were statutory sellers subject to Section 12(a)(2) liability. Section 12(a)(2) imposes liability only on a defendant who actually "offers or sells a security" to plaintiff. 15 U.S.C. § 77l(a)(2); *see, e.g., Emerson v. Mut. Fund Series Tr.*, 393 F. Supp. 3d 220, 259-60 (E.D.N.Y. 2019) (dismissing Section 12(a)(2) claim where allegations were "vague and conclusory" and failed to "allege facts amounting to active solicitation beyond signing the registration statements"); *In re Weight Watchers Int'l Sec. Litig.*, No. 19-cv-2005, 504 F.Supp.3d 224, 260-61 (S.D.N.Y. Nov. 30, 2020) (dismissing Section 12(a)(2) claim against private equity firm where plaintiffs did not allege that it actively or directly marketed the securities). A statutory seller is someone who "passed title, or other interest in the security, to the buyer for value, or (2) successfully solicited the purchase of a security, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *In re Morgan Stanley Info. Fund Sec. Litig.,* 592 F.3d 347, 359 (2d Cir. 2010) (quotation marks and alterations omitted); *In re Weight Watchers Int'l Sec. Litig.,* 2020 WL 7029134, at *7 (similar) (quoting *Pinter v. Dahl,* 486 U.S. 622, 648-50 (1988)). Numerous courts in New York have held that the mere act of signing the Registration Statement is not sufficient to expose oneself to liability as a statutory seller. *See, e.g., Emerson*, 393 F. Supp. 3d at 259 (noting that although prior to 2010, Second Circuit courts held that signing a registration statement

2

constitutes solicitation, more recent cases from this district, including *Citiline*, and several Courts of Appeals, have all held that merely signing the registration statement does not constitute solicitation); *Yi Xiang v. Inovalon Holdings, Inc.*, 254 F. Supp. 3d 635, 646 (S.D.N.Y 2017) (dismissing Section 12 claim as to the individual defendants who were alleged to have signed the registration statement); *In re Am Realty Capital Prop., Inc., Litig.*, No. 15 MC 40, 2015 WL 6869337, at *3 (S.D.N.Y. Nov. 6, 2015) (dismissing Section 12(a)(2) claims for complaint's failure to allege that the director defendants solicited securities); *City of Wetland Police & Fire Ret. Sys. v. Metlife, Inc.,* 928 F. Supp. 2d 705, 719-720 (S.D.N.Y. 2013); *Citiline Holdings, Inc. v. iStar Fin., Inc.*, 701 F. Supp. 2d 506, 512 (S.D.N.Y. 2010) (holding that "an individual[] signing a registration does not itself suffice as solicitation under Section 12(a)(2)" and dismissing claims against individual defendants).  Further, "[e]very Court of Appeals to have considered this issue . . . has held that an individual's signing a registration statement does not itself suffice as solicitation under Section 12(a)(2)." *Citiline Holdings, Inc.*, 701 F. Supp. 2d at 511 (collecting cases).

Here, the Amended Complaint does not allege that the Cogency Defendants passed title to any shares sold in the IPO or that they actively solicited the sale of shares to anyone.  Conclusory assertions are insufficient.  Nor could Plaintiff make such factual allegations against the Cogency Defendants given the limited administrative role that Cogency Global served as the duly authorized representative under Section 6(a) of the Securities Act.  *See* Diakos Aff. ¶ 3, Ex. 1, at II-8 (identifying Cogency as BlueCity's duly authorized representative), at 8 (identifying Cogency as BlueCity's "agent for service of process in the United States"), at 80 (same).  Accordingly, the Section 12(a)(2) claim against the Cogency Defendants should be dismissed.

Finally, Plaintiff's Section 15 claims against Ms. DeVries should be dismissed because there is no support for the notion that a duly authorized representative can be considered a control

3

person.  Indeed, cases finding control person liability typically involve defendants who are officers or directors of the subject entity.  *See, e.g.*, *Federal Housing Finance Agency v. Nomura Holding America, Inc.*, 104 F. Supp. 3d 441, 580 (S.D.N.Y. 2015) ("All five Individual Defendants were officers and/or directors of some combination of the primary violators; Nomura Securities, NAAC, and NHELI.").  Accordingly, the Section 15 claim against Ms. DeVries should be dismissed with prejudice.

## CONCLUSION

For all of these reasons and those set forth in BlueCity's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint, the Cogency Defendants respectfully request that the Amended Complaint be dismissed with prejudice.

Dated:  September 2, 2022                    Respectfully submitted,

                                            K&L GATES LLP

                                            By: /s/ *Joanna A. Diakos*
                                                Joanna A. Diakos, Esq.
                                                K&L Gates LLP
                                                599 Lexington Avenue
                                                New York, New York 10022
                                                Tel.:  (212) 536-3900
                                                Fax:  (212) 536-3901
                                                Email:  joanna.diakos@klgates.com


                                            *Attorneys for Defendants Cogency Global Inc. and Colleen A. DeVries*