Case 1:21-cv-04044-FB-CLP Document 42-1 Filed 12/09/22 Page 1 of 4 PageID #: 829

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------X

MICHAEL JAMES LORENZO,

| | |
|---|---|
| **INDEX NO.** | 652894/2021 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 002 |

Plaintiff,

- v -

BLUECITY HOLDINGS LIMITED, BAOLI MA, ZHIYONG
BEN LI, ZHE WEI, WEI YING

Defendant.

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------------X

HON. ANDREW S. BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42

were read on this motion to/for          DISMISS                              .

Upon the foregoing documents and for the reasons set forth on the record (10.18.22), BlueCity

Holdings Limited's (the **Company**) motion to dismiss the Amended Complaint (the **AC**;

NYSCEF Doc. No. 25), which asserts causes of action under the Securities Act of 1933 (the

**1933 Act**) in connection with the Company's July 8, 2020 initial public offering (the **IPO**) must

be granted.

The gravamen of the AC is that the Offering Documents were materially misleading because (i)

they failed to disclose that the Company intended to discontinue (x) its family planning business

Bluedbaby which contributed less than 1% of the Company's total net revenues (NYSCEF Doc.

No. 31) and (y) a location-based social networking app targeting the lesbian community called

LESDO (NYSCEF Doc. No. 25, ¶ 59) which amounted to a $900k write-off when discontinued

and (ii) they overstated the Company's ability to become profitable because they failed to

disclose (x) the sizeable year-end bonuses that they were going to pay in the 4th quarter (many

**652894/2021   LORENZO, MICHAEL JAMES vs. BLUECITY HOLDINGS LIMITED**
**Motion No.  002**

Page 1 of 4

Case 1:21-cv-04044-FB-CLP    Document 42-1    Filed 12/09/22    Page 2 of 4 PageID #: 830

months later) and (y) the shift in customer base that they were planning to a large group of users with limited spending power.  None of this as set forth in the AC is actionable.

In support of its argument that the Company knew it would discontinue its family planning business, the Plaintiff relies on a statement from the Company made on March 23, 2021 – nine months after the IPO (NYSCEF Doc. No. 31) in which the Company announced that it approved the termination of the family planning business in March 2021.  LESDO was discontinued in November of 2021 (NYSCEF Doc. No. 25, ¶ 75) -- sixteen months after the IPO.  The AC does not allege any facts which support the theory that the Offering Documents were therefore materially misleading when issued with respect to the discontinuance of these two businesses (*In re Netshoes Sec. Litig.*, 64 Misc3d 926, 932 [Sup Ct, NY County 2019] [holding that "[w]hether a statement is materially false and misleading is viewed at the time such statement is made – not retroactively, in hindsight"]).  Indeed, the statements relied on undermine the notion that the Defendants violated the 1933 Act.

The AC also does not allege any facts which support the notion that in July, the Company knew what it intended to pay in the 4th quarter – *i.e.*, year-end bonuses.  Although this decision may well raise certain corporate concerns not at issue in this case, the AC does not state a viable cause of action under the 1933 Act.

No facts are alleged that the Company intended at the time of its IPO to shift its potential customer base that do not amount to mere supposition.  This is insufficient.  And, in any event, the Company did not shift its customer base.  To wit, and significantly, on the March 2021

Case 1:21-cv-04044-FB-CLP     Document 42-1     Filed 12/09/22     Page 3 of 4 PageID #: 831

earnings call on which the Plaintiffs rely, Ben Li, the Company's CFO, said that the new strategy to drive engagement with users with limited spending power "**complements** our current high spending program and provided differentiated and diverse options to different cohorts of users" (NYSCEF Doc. No. 32, at 6 [emphasis added]). Put another way, the Company elected to expand its existing customer base, not shift away from its existing customer base.

To the extent that the Plaintiff argues that the Company knew or should have known that it would have to alter its business strategy based on the announcement of new Chinese regulations which capped spending, these regulations were not finalized and implemented until November 2020 – *i.e.*, approximately four months *after* the IPO. Most significantly, the Plaintiffs fail to allege (and indicated at oral argument that they could not allege without substantial investigation) what specifically was known at the time of the IPO about the not-yet implemented proposed regulations which was not disclosed or which otherwise made the risk disclosures about the potential Chinese regulations in the Offering Documents inadequate or how the caps would have impacted the existing customer base's spending (*e.g.*, they each spent X and as a result of the anticipated change in regulations they would only be able to spend .5X) such that the statements in the Offering Documents were overly optimistic.

Lastly, the Court notes that the Company was not profitable and had a history of substantial costs which were all disclosed in the Offering Documents. This was in fact the trend (*Asay v Pinduoduo Inc.*, 2021 WL 3871269, * 4 [2d Cir 2021]; *Stadnick v Vivint Solar, Inc.*, 861 F3d 31 (2d Cir 2017)).

Case 1:21-cv-04044-FB-CLP   Document 42-1   Filed 12/09/22   Page 4 of 4 PageID #: 832

Accordingly, the AC must be dismissed.  Inasmuch as the plaintiffs concede that they have no

basis upon which to replead at this time, dismissal must be with prejudice.

It is hereby ORDERED that the motion to dismiss is granted with prejudice.

20221024132055AB0RR0K8F45A6EEE97D448E9F7A75273D455DE9

| 10/24/2022 | | | | ANDREW S. BORROK, J.S.C. | |
| DATE | | | | | |

**CHECK ONE:**    [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

   [X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

**APPLICATION:**    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:**    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**652894/2021   LORENZO, MICHAEL JAMES vs. BLUECITY HOLDINGS LIMITED**
**Motion No.  002**            Page 4 of 4