# Exhibit 2

F-1/A 1 d831427df1a.htm AMENDMENT NO.1 TO FORM F-1

**Table of Contents**

As filed with the Securities and Exchange Commission on July 1, 2020

Registration No. 333-239205

# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

## AMENDMENT NO. 1
## TO
## FORM F-1
## REGISTRATION STATEMENT
### *UNDER*
### *THE SECURITIES ACT OF 1933*

# BlueCity Holdings Limited
**(Exact name of Registrant as specified in its charter)**

**Not Applicable**
**(Translation of Registrant's name into English)**

| | | |
|---|---|---|
| **Cayman Islands** | **7389** | **Not Applicable** |
| **(State or other jurisdiction of incorporation or organization)** | **(Primary Standard Industrial Classification Code Number)** | **(I.R.S. Employer Identification Number)** |

**Block 2 Tower B Room 028, No. 22 Pingguo Shequ, Bai Zi Wan Road, Chaoyang District**
**Beijing 100022**
**People's Republic of China**
**+86 10 5876-9855**
**(Address, including zip code, and telephone number, including area code, of Registrant's principal executive offices)**

**Cogency Global Inc.**
**122 East 42nd Street, 18th Floor**
**New York, NY 10168**
**+1-212-947-7200**
**(Name, address, including zip code, and telephone number, including area code, of agent for service)**

*Copies to:*

| | |
|---|---|
| **Z. Julie Gao, Esq.** | **Chris K.H. Lin, Esq.** |
| **Skadden, Arps, Slate, Meagher & Flom LLP** | **Yi Gao, Esq.** |
| **c/o 42/F, Edinburgh Tower** | **Simpson Thacher & Bartlett LLP** |
| **The Landmark** | **c/o 35th Floor, ICBC Tower** |
| **15 Queen's Road Central** | **3 Garden Road** |
| **Hong Kong** | **Central, Hong Kong** |
| **+852 3740-4700** | **+852-2514-7600** |

**Approximate date of commencement of proposed sale to the public: As soon as practicable after the effective date of this registration statement.**

If any of the securities being registered on this Form are to be offered on a delayed or continuous basis pursuant to Rule 415 under the Securities Act of 1933, check the following box. ☐

If this Form is filed to register additional securities for an offering pursuant to Rule 462(b) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a post-effective amendment filed pursuant to Rule 462(c) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a post-effective amendment filed pursuant to Rule 462(d) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933.

Emerging growth company ☒

If an emerging growth company that prepares its financial statements in accordance with U.S. GAAP, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards† provided pursuant to Section 7(a)(2)(B) of the Securities Act. ☐

† The term "new or revised financial accounting standard" refers to any update issued by the Financial Accounting Standards Board to its Accounting Standards Codification after April 5, 2012.

Table of Contents

preceding three-year period, issued more than US$1.00 billion in non-convertible debt; or (d) the date on which we are deemed to be a "large accelerated filer" under the Securities Exchange Act of 1934, as amended, (the "Exchange Act"), which would occur if the market value of our ADSs that are held by non-affiliates exceeds US$700 million as of the last business day of our most recently completed second fiscal quarter. Once we cease to be an emerging growth company, we will not be entitled to the exemptions provided in the JOBS Act discussed above.

**Implication of Being a Controlled Company**

Upon the completion of this offering, our outstanding share capital will consist of Class A ordinary shares and Class B ordinary shares, and we will be a "controlled company" as defined under the Nasdaq Stock Market Rules because Mr. Baoli Ma, our founder, chairman and chief executive officer, will beneficially own all of our then issued and outstanding Class B ordinary shares and will be able to exercise 70.7% of our total voting power assuming the underwriters do not exercise their over-allotment option, or 70.0% of our total voting power if the underwriters exercise their over-allotment option in full, without taking into account the ADSs that any of the existing shareholder or its affiliates may purchase in this offering. Under the Nasdaq Stock Market Rules, a "controlled company" may elect not to comply with certain corporate governance requirements. Currently, we do not plan to utilize the "controlled company" exemptions with respect to our corporate governance practice after we complete this offering.

**Corporate Information**

Our principal executive office is Block 2 Tower B Room 028, No 22 Pingguo Shequ, Bai Zi Wan Road, Chaoyang District, Beijing, China. Our telephone number at this address is +86 10 5876-9855. Our registered office in the Cayman Islands is Conyers Trust Company (Cayman) Limited, Cricket Square, Hutchins Drive, P.O. 2681, Grand Cayman KY1-1111, Cayman Islands. Our agent for service of process in the United States is Cogency Global Inc., located at 122 East 42nd Street, 18th Floor, New York, NY 10168. Our corporate website is *www.blue-city.com*. The information contained in our website is not a part of this prospectus.

Investors should contact us for any inquiries through the address and telephone number of our principal executive offices.

**Conventions that Apply to this Prospectus**

Unless otherwise indicated or the context otherwise requires, and for the purpose of this prospectus only:

- "ADRs" refer to the American depositary receipts that evidence our ADSs;

- "ADSs" refer to our American depositary shares, each two (2) ADSs represent one (1) Class A ordinary share;

- "ARPPU" refers to average revenue per paying user in a given period;

- "average daily sessions per active user" for any period is calculated by dividing (i) the sum of number of times of opening our *Blued* mobile app per DAU for each day of such period, by (ii) the number of days in such period;

- "average daily time spent per active user" for any period is calculated by dividing (i) the sum of time spent on our *Blued* mobile app per DAU for each day of such period, by (ii) the number of days in such period;

- "average DAUs" for any period is calculated by dividing (i) the sum of DAUs (as defined below) for each day of such period, by (ii) the number of days in such period;

8

**Table of Contents**

## ENFORCEABILITY OF CIVIL LIABILITIES

We are incorporated under the laws of the Cayman Islands as an exempted company with limited liability. We are incorporated in the Cayman Islands because of certain benefits associated with being a Cayman Islands exempted company, such as political and economic stability, an effective judicial system, a favorable tax system, the absence of foreign exchange control or currency restrictions and the availability of professional and support services. However, the Cayman Islands has a less developed body of securities laws than the United States and provides less protection for investors.

Our operations are substantially conducted in China, and substantially all of our assets are located in China. All of our directors and executive officers are nationals or residents of jurisdictions other than the United States and a substantial portion of their assets are located outside the United States. As a result, it may be difficult for investors to effect service of process within the United States upon us or these persons, or to enforce judgments obtained in U.S. courts against us or them, including judgments predicated upon the civil liability provisions of the securities laws of the United States or any state in the United States. It may also be difficult for you to enforce judgments obtained in U.S. courts based on the civil liability provisions of the U.S. federal securities laws against us and our officers and directors.

We have appointed Cogency Global Inc., located at 122 East 42nd Street, 18th Floor, New York, NY 10168, as our agent to receive service of process with respect to any action brought against us in the U.S. District Court for the Southern District of New York in connection with this offering under the federal securities laws of the United States or the securities laws of any State in the United States or any action brought against us in the Supreme Court of the State of New York in the County of New York in connection with this offering under the securities laws of the State of New York.

Conyers Dill & Pearman, our counsel as to Cayman Islands law, has advised us that there is uncertainty as to whether the courts of the Cayman Islands would (1) recognize or enforce judgments of U.S. courts obtained against us or our directors or officers that are predicated upon the civil liability provisions of the federal securities laws of the United States or the securities laws of any state in the United States, or (2) entertain original actions brought in the Cayman Islands against us or our directors or officers that are predicated upon the federal securities laws of the United States or the securities laws of any state in the United States.

Conyers Dill & Pearman has informed us that the uncertainty with regard to Cayman Islands law relates to whether a judgment obtained from the U.S. courts under civil liability provisions of the securities law will be determined by the courts of the Cayman Islands as penal or punitive in nature. The courts of the Cayman Islands may not recognize or enforce such judgments against a Cayman company, and because such a determination has not yet been made by a court of the Cayman Islands, it is uncertain whether such civil liability judgments from U.S. courts would be enforceable in the Cayman Islands. Conyers Dill & Pearman has further advised us that the courts of the Cayman Islands would recognize a final and conclusive judgment in the federal or state courts of the United States under which a sum of money is payable (other than a sum of money payable in respect of multiple damages, taxes or other charges of a like nature or in respect of a fine or other penalty) or, in certain circumstances, an in personam judgment for non-monetary relief, and would give a judgment based thereon provided that and would give a judgment based thereon provided that (a) such courts had proper jurisdiction over the parties subject to such judgment; (b) such courts did not contravene the rules of natural justice of the Cayman Islands; (c) such judgment was not obtained by fraud; (d) the enforcement of the judgment would not be contrary to the public policy of the Cayman Islands; (e) no new admissible evidence relevant to the action is submitted prior to the rendering of the judgment by the courts of the Cayman Islands; and (f) there is due compliance with the correct procedures under the laws of the Cayman Islands.

King & Wood Mallesons, our counsel as to PRC law, has advised us that there is uncertainty as to whether the courts of the PRC would recognize or enforce judgments of United States courts obtained against us or our directors or officers predicated upon the civil liability provisions of the securities laws of the United States or any state in the United States.

81

**Table of Contents**

**SIGNATURE OF AUTHORIZED REPRESENTATIVE IN THE UNITED STATES**

Pursuant to the Securities Act of 1933, the undersigned, the duly authorized representative in the United States of BlueCity Holdings Limited has signed this registration statement or amendment thereto in New York on July 1, 2020.

**Authorized U.S. Representative**

By: /s/ Colleen A. De Vries
     Name: Colleen A. De Vries
     Title: Senior Vice President on behalf of
     Cogency Global Inc.

II-8