## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNHUI JIANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLUECITY HOLDINGS LIMITED, BAOLI MA, ZHIYONG (BEN) LI, ZHE WEI, WEI YING, COLLEEN A. DE VRIES, AMTD GLOBAL MARKETS LIMITED, LOOP CAPITAL MARKETS LLC, TIGER BROKERS (NZ) LIMITED, PRIME NUMBER CAPITAL LLC, R. F. LAFFERTY & CO., INC., and COGENCY GLOBAL INC.,<br><br>Defendants. | Case No. 1:21-cv-04044-FB-CLP |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE COGENCY DEFENDANTS' JOINDER IN BLUECITY HOLDINGS LIMITED'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Lead Plaintiffs Hui Yan Huang and Shiyuan Zhu (together, "Plaintiffs"), by their undersigned attorneys, submit this memorandum of law in opposition to Defendants Cogency Global Inc. ("Cogency Global") and Colleen A. DeVries' (together, the "Cogency Defendants") Joinder in BlueCity Holdings Limited's Motion to Dismiss the Amended Complaint.

## I.    INTRODUCTION

Defendant Cogency Global served as BlueCity's authorized United States representative for the BlueCity IPO, and Defendant DeVries – Senior Vice President of Cogency Global – signed BlueCity's Registration Statement on the line for BlueCity's United States representative. Accordingly, the Cogency Defendants are proper defendants under a straightforward reading of the Securities Act.

In addition to seeking to join the Motion to Dismiss filed by BlueCity and to incorporate by reference the arguments therein,[1] the Cogency Defendants raise three unique arguments in support of dismissal: first, that DeVries is not a proper Securities Act defendant because she signed the Registration Statement as an employee of Cogency Global; second, that Cogency Global is not a proper defendant under Section 12(a)(2); and third that DeVries cannot be a control person because duly authorized United States representatives like Cogency Global are somehow immune from being a control person under Section 15.

These arguments are baseless. First, Section 11 simply imposes liability on "every person who signed the registration statement . . . ." 15 U.S.C. §77k(a)(1). It contains no exceptions for employees or those who sign on another's behalf, and the Cogency Defendants have cited no legal authority providing otherwise—because none exists. In fact, a district court in the Second Circuit

---

[1]    Plaintiffs address the arguments raised by BlueCity in a separate Memorandum of Law that Plaintiffs hereby incorporate by reference in its entirety.

has upheld Securities Act claims against a person who signed a registration statement as a duly authorized U.S. representative on behalf of her employer. *In re Qudian Inc. Sec. Litig.*, 2019 WL 4735376, at *9 (S.D.N.Y. Sept. 27, 2019). Second, numerous district courts have held that, at the pleading stage, an allegation that a defendant signed the registration statement suffices to show solicitation and therefore that the defendant is a statutory seller under Section 12(a)(2). Finally, because DeVries could and did bind BlueCity as a signatory to the deficient Registration Statement, she was a control person under Section 15. The Cogency Defendants' Motion to Dismiss should be denied in full.

## II.     FACTUAL BACKGROUND

Based in New York City, Cogency Global served as BlueCity's authorized U.S. representative for the IPO. ¶44[2]; Diakos Ex. 1. at 1-4. BlueCity's Registration Statement also identified Cogency Global as BlueCity's "agent for service" on the cover page and in the "Corporate Information" section. Diakos Ex. 1 at 1-2.

Defendant DeVries served as Senior Vice President of Cogency Global, and reviewed, contributed to, and signed the Registration Statement on the line for the authorized U.S. representative. ¶¶28, 44. Indeed, under the heading "Signature of Authorized Representative in the United States," the Amendment No. 1 to Form F-1 Registration Statement identified DeVries as the Senior Vice President of Cogency Global, and represented the following directly above her signature:

> Pursuant to the Securities Act of 1933, the undersigned, the duly authorized representative in the United States of BlueCity Holdings Limited has signed this registration statement or amendment thereto in New York, New York, on June 16, 2020.

---

[2]   All citations to "¶_" are to paragraphs of the Amended Complaint for Violations of the Securities Act of 1933, filed on April 15, 2022. Dkt. No. 22.

Diakos Ex. 1, at 4.

Thus, DeVries – as "the undersigned" – held herself out to investors and the Securities and Exchange Commission ("SEC") as a signatory, as required by law. Moreover, BlueCity's IPO could not have occurred without the Cogency Defendants' involvement: as a foreign private issuer, BlueCity could not publicly list its securities without an agent for service of process or a duly authorized representative in the U.S.—roles that the Cogency Defendants filled. By serving as duly authorized representative and signing and thus approving the issuance of the Registration Statement, the Cogency Defendants are liable for the defects therein. ¶¶28, 44.

### III.   THE COGENCY DEFENDANTS ARE LIABLE UNDER THE SECURITIES ACT

#### A.   DeVries is Liable as a Signatory to BlueCity's Registration Statement

BlueCity's Registration Statement is governed by Section 6(a) of the Securities Act, which requires that when an issuer of securities is a "foreign or territorial person," its registration statement must be signed "by its duly authorized representative in the United States." 15 U.S.C. § 77f(a). In addition, Section 11(a) of the Securities Act provides that "*every person who signed the registration statement*" containing an untrue statement or omission of material fact may be sued and held accountable under the federal securities laws. 15 U.S.C. § 77 k(a) (emphasis added); *see also Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 330 (S.D.N.Y. 2012), *aff'd*, 712 F.3d 136 (2d Cir. 2013) ("liability under Section 11 is strict and any signer . . . may be liable if the registration statement contained an untrue statement or omission of material fact."); *In re Global Crossing, Ltd. Sec. Litig.*, 319 F. Supp. 348 (S.D.N.Y. 2004) (liability extends to every person who signed the registration statement).

3

Signatories are "presumed" to have authorized the use of their signatures in Registration Statements, and the unauthorized use of a signature is a punishable violation of the federal securities laws:

> Signatures of all such persons when written on the said registration statements shall be presumed to have been so written by authority of the person whose signature is so affixed and the burden of proof, in the event such authority shall be denied, shall be upon the party denying the same. The affixing of any signature without the authority of the purported signer shall constitute a violation of this subchapter.

15 U.S.C. §77f(a).

Here, Defendant DeVries is properly named as a defendant because she signed the Registration Statement as BlueCity's duly authorized United States representative. *See Oh v. Chan*, 2008 WL 11338725, at *2 (C.D. Cal. July 9, 2008) (duly authorized representative in the United States may be sued for foreign issuer's violations of the Securities Act). "[C]ourts consistently hold that signatories of misleading documents 'made' the statements" therein. *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 163-64 (S.D.N.Y. 2012); *see also In re Wells Fargo & Co. S'holder Derivative Litig.*, 282 F. Supp. 3d 1074, 1094-96 (N.D. Cal. 2017) (attributing statements to officers/directors who signed filings); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 195 F. Supp. 3d 528, 541 (S.D.N.Y. 2016) (similar). In addition, that signatories to registration statements – including signatories under Section 6(a) – are liable when the registration statements contain untrue statements or omissions of material fact has been the SEC's position for decades. *See Integrated Disclosure Sys. for Foreign Private Issuers*, Release No. 45 (Nov. 20, 1981), FR 58511-01, at 58 ("Section 6(a) of the Securities Act requires that the registration statement of a foreign private issuer be signed by the issuer, its principal executive officer, its principal accounting officer, *its duly authorized representative in the United States*, and the

majority of its board of directors. These persons signing the registration statement are liable for violations of the Securities Act.") (emphasis added).

The Cogency Defendants appear to concede that *Cogency Global* is properly named as a defendant because DeVries signed the Registration Statement as its employee, but deny that DeVries herself is a properly named defendant.[3]    Joinder at 1 (DeVries "did not sign the Registration Statement in her personal capacity but as an employee of Cogency Global"; "it is Cogency Global, not Ms. DeVries personally, that was BlueCity's duly authorized representative in the United States and signed the Registration Statement").    But the Cogency Defendants offer no authority for the proposition that a signatory to a registration statement may not be named as a defendant under the federal securities laws.[4]    Their position would mean that a signatory is never subject to liability if he or she is employed by or affiliated with the issuer or another entity, because the issuer or entity would bear ultimate responsibility for violations of the Securities Act.    Thus, for example, an officer who signs the Registration Statement could always escape liability merely because he or she is the issuer's employee—an absurd result Congress could not have intended when it enacted the Securities Act to protect *investors,* not individual signatories.

---

[3]    While the Complaint's allegations that DeVries signed the Registration Statement while in Cogency's employ do not undermine her personal liability (as the Cogency Defendants argue), they do establish a basis for *Cogency Global's* liability: Cogency Global is liable for DeVries's act of signing under well-established principles of agency and respondeat superior. *See Lewy v. SkyPeople Fruit Juice, Inc.*, 2012 WL 3957916, at *16 (S.D.N.Y. Sept. 10, 2012) ("The *respondeat superior* theory of liability remains viable in securities fraud cases . . . ."); *In re Musicmaker.com Sec. Litig.*, 2001 WL 34062431, at *12 (C.D. Cal. June 4, 2001) (entities which employed signatory-directors were proper defendants under Section 11).

[4]    As Judge Cote has asked rhetorically: "'just what is a signature on an SEC filed document meant to represent if it does not represent a degree of responsibility for the material contained in that document?'" *FHFA v. Nomura Holding Am., Inc.*, 104 F. Supp. 3d 441, 577 (S.D.N.Y. 2015) (quoting *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 420 (S.D.N.Y. 2003)).

The SEC has also acknowledged that *individuals* who sign the Registration Statement on behalf of foreign issuers are personally liable:

> [T]he Commission generally accepts the signature of an individual who is an employee of the registrant or an affiliate, or who is the registrant's counsel or underwriter in the United States for the offering, *because the signature clearly identifies an individual that is connected with the offering as subject to the liability provisions of the Securities Act.* By similar reasoning, the Commission generally has refused to accept the appointment of a newly formed or shell corporation in the United States as the authorized representative.

*See* https://www.sec.gov/corpfin/securities-act-forms (citing Securities Act Release No. 6360 (Nov. 20, 1981)).

This explains why no court has ever absolved a signatory of liability based on the employment capacity in which he or she signed—and why the Cogency Defendants did not (and cannot) find a single decision to support their position.  Moreover, the position that the Cogency Defendants advance here was rejected in *In re Qudian Inc. Sec. Litig.*, where the defendant sought dismissal of Securities Act claims on the grounds that she signed beneath an identical representation to that here "*only* in her professional capacity as 'Senior Manager'" to the entity serving as the duly authorized U.S. representative.  *See* 2019 WL 4735376, at *9 (S.D.N.Y. Sept. 27, 2019) (emphasis in original).  So too here.  Because DeVries signed the registration statement, she is liable under the Securities Act.

> **B.**     **The Cogency Defendants are Liable as Statutory Sellers Under Section 12(a)**

The Cogency Defendants next seek dismissal of the Section 12(a)(2) claim on the grounds that "Plaintiff has not plead any facts demonstrating that the Cogency Defendants were statutory sellers subject to Section 12(a)(2) liability."  Joinder at 2.  The Cogency Defendants are wrong. At the pleading stage, an allegation that a defendant signed the registration statement is sufficient to show solicitation and therefore that the defendant is a statutory seller under Section 12(a)(2).

6

*See In re Steed Finance LDC v. Nomura Secs Int'l.*, 2001 WL1111508, at \*7 (S.D.N.Y. Sept. 20, 2001); *Briarwood Investments Inc. v. Care Inv. Tr. Inc.*, 2009 WL 536517, at \*4 (S.D.N.Y. Mar. 4, 2009); *In re Ply Gem Holdings, Inc.*, 2016 WL 5339541, at \*6 (S.D.N.Y. Sept. 23, 2016); *Degulis v. LXR Biotechnology, Inc.*, 928 F. Supp. 1301, 1316 (S.D.N.Y. 1996) (allegation sufficient at pleading stage that, alone or in tandem with other acts, the signatures constitute active solicitation); *but see Citiline Holdings, Inc. v. iStar Fin. Inc.*, 701 F. Supp. 2d 506, 512 (S.D.N.Y. 2010) (explaining that district courts in New York have frequently held that signing itself constitutes solicitation, but disagreeing and noting the disagreement of the First, Third, and Fifth Circuits).

While the Cogency Defendants look to *Citiline* and related cases, whether a defendant qualifies as a statutory seller is a question of fact that cannot generally be decided on the pleadings. *See Degulis v. LXR Biotechnology, Inc.*, 1997 WL 20832, at \*6 (S.D.N.Y. Jan. 21, 1997); *In re Scot. Re Grp. Sec. Litig.*, 524 F. Supp. 2d 370, 400 (S.D.N.Y. 2007). Here, DeVries signed BlueCity's registration statement as the authorized U.S. representative on behalf of Cogency Global. Without DeVries' signature representing the imprimatur of Cogency Global, a requirement under Section 6(a) of the Securities Act, BlueCity could not have proceeded to register its securities in the U.S., solicit purchasers and sell shares in its IPO. Thus, the Cogency Defendants are properly named defendants under Section 12(a)(2) at this stage.

### C.    DeVries is Liable as a Control Person Under Section 15

Finally, the Cogency Defendants argue that Plaintiffs' Section 15 claim against DeVries should be dismissed, suggesting that one who signs the registration statement as the authorized U.S. representative cannot be considered a control person. The Cogency Defendants provide no support for the proposition that a duly authorized representative or its employee is somehow

7

immune from liability under Section 15, which simply imposes liability on every person who "controls any person liable" under Sections 11 and 12(a)(2). 15 U.S.C. §77o(a).

To the contrary, many courts have held that allegations that a defendant "signed or authorized the signing of" a prospectus are "sufficient to make out a control claim against these individuals" at the pleading stage. *See City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Tech. Corp.*, 450 F. Supp. 3d 379, 428-29 (S.D.N.Y. 2020); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 494-95 (S.D.N.Y. 2005) ("It 'comport[s] with common sense to presume that a person who signs his name to a report has some measure of control over those who write the report.'")). As one court recognized in an analogous situation:

> The very fact that a director is required to sign these critical documents charges the director with power over the documents and represents to the corporation, its shareholders, and the public that the corporation's director has performed her role with sufficient diligence that she is willing and able to stand behind the information contained in those documents.

*WorldCom*, 294 F. Supp. 2d at 420. This is even more so when a signature is "required by law," because "far from absolving [the signer] of responsibility for the misstatements therein," it increases the gravity of the signature for investors. *See In re Philip Servs. Corp. Sec. Litig.*, 383 F. Supp. 2d 463, 485 (S.D.N.Y. 2004). In any event, "it is well settled that the issue of whether a person is a controlling person is a fact-intensive inquiry, and generally should not be resolved on a motion to dismiss." *In re Citigroup Inc. Bond Litig.*, 723 F. Supp. 2d 568, 595 (S.D.N.Y. 2010).

In lieu of providing any support for the proposition that a duly authorized representative or its employee is somehow immune from liability under Section 15, the Cogency Defendants simply point out that "cases finding control person liability typically involve defendants who are officers or directors of the subject entity." Joinder at 4. That might be the case, but it is irrelevant here, where DeVries, on Cogency Global's behalf, signed the Registration Statement as required by

8

Section 6(a)—an act that benefited BlueCity, because the IPO could not have occurred without this signature. That simple act also conveyed to the SEC and investors that DeVries and Cogency Global had performed the pre-signing due diligence expected of every signatory in the IPO. *See Nomura*, 104 F. Supp. 3d at 577. Thus, DeVries's signature was an essential step in the process of listing BlueCity's securities, precisely because it signified the control that she and Cogency Global exerted over the Registration Statement, as well as its contents and dissemination. Accordingly, the Section 15 claim against DeVries is well-pleaded, and should not be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, the Cogency Defendants' motion to dismiss should be denied in is entirety. If the Court grants the motion, however, Plaintiffs respectfully request leave to replead. The Cogency Defendants identify no reason why amendment would be futile, and the Amended Complaint was the first pleading to be tested by a motion to dismiss. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("Without doubt, this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6).").

Dated: November 1, 2022                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By:  */s/ Phillip Kim*

Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Michael Cohen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: mcohen@rosenlegal.com

9

**LEVI & KORSINSKY, LLP**

By: */s/ Nicholas Porritt*
Nicholas I. Porritt (NP-5961)
Max E. Weiss (MW-6697)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: nporritt@zlk.com
Email: mweiss@zlk.com

*Co-Counsel for Lead Plaintiffs and the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2022, a true and correct copy of the foregoing document was served electronically on all parties, to be filed by the moving party when the motion has been fully briefed, in accordance with Rule 2(D) of the Court's Individual Motion Practices and Rules.

<em>/s/ Phillip Kim</em>