**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JUNHUI JIANG, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

BLUECITY HOLDINGS LIMITED, BAOLI MA, ZHIYONG (BEN) LI, ZHE WEI, WEI YING, COLLEEN A. DEVRIES, AMTD GLOBAL MARKERS LIMITED, LOOP CAPITAL MARKETS LLC, TIGER BROKERS (NZ) LIMITED, PRIME NUMBER CAPITAL LLC, R.F. LAFFERTY & CO., INC., and COGENCY GLOBAL INC.,

        Defendants.

Case No. 1:21-cv-04044-FB-CLP

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE COGENCY DEFENDANTS' JOINDER IN BLUECITY HOLDINGS LIMITED'S MOTION TO DISMISS THE AMENDED COMPLAINT**


K&L GATES  LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900

*Attorneys for Defendants Cogency Global Inc.*
*and Colleen A. DeVries*

Defendants Cogency Global Inc. and Colleen A. DeVries (together, the "Cogency Defendants"), by and through their undersigned counsel, to avoid duplication and for efficiency, hereby submit this reply joinder in further support of the Motion to Dismiss the Amended Complaint (the "Motion to Dismiss") filed by Defendant BlueCity Holdings Limited ("BlueCity"). The Cogency Defendants expressly join in, adopt and incorporate by reference herein the factual background and all of the arguments and authorities set forth in BlueCity's Reply Memorandum of Law in Further Support of its Motion to Dismiss the Amended Complaint, and respectfully request that the Court dismiss the Amended Complaint with prejudice.

In their Joinder Motion, the Cogency Defendants argued that (1) the claims asserted against Ms. DeVries should be dismissed because she signed the Registration Statement for Cogency Global; (2) the Section 12(a)(2) claim should be dismissed because Plaintiff failed to plead any facts demonstrating that the Cogency Defendants were "statutory sellers" subject to Section 12(a)(2) liability; and (3) the Section 15 claim asserted against Ms. DeVries should be dismissed because there is no support for the notion that an employee of a duly authorized representative can be considered a control person. Plaintiff's Opposition does nothing to salvage its claims.

**A.      The Section 11 Claim Against Ms. DeVries Should Be Dismissed**

*First*, Plaintiff argues that Ms. DeVries is liable in her individual capacity because she signed the Registration Statement, but Plaintiff fails to address the fact that she did so on behalf of Cogency Global, BlueCity's duly authorized representative. Unlike the cases upon which Plaintiff relies in its Opposition, there is no dispute here that Cogency Global was BlueCity's duly authorized representative and that under Section 6(a) of the Securities Act it was required to sign the Registration Statement. Plaintiff specifically alleged in its Amended Complaint that Cogency was the duly authorized representative (*see* Am. Compl. ¶ 44), a fact it reiterates on the very first

1

page of its Opposition.  (Pls. Opp. at 1 ("Defendant Cogency Global served as BlueCity's authorized United States representative for the BlueCity IPO . . . .").  As Plaintiff further appears to concede, Ms. DeVries signed the Registration Statement *for* Cogency, an unsurprising fact given that a company cannot sign for itself.  (Opp. at 1 (Ms. DeVries "signed BlueCity's Registration Statement on the line for BlueCity's United States representative").  The Cogency Defendants are not arguing, as Plaintiff seems to suggest, that a "signatory to a registration statement may not be named as a defendant under the federal securities law."  (Opp. at 5.)  Clearly they can, but the signatory here is Cogency Global, not Ms. DeVries.  Unlike BlueCity's officers and directors, Ms. DeVries was not required to sign the Registration Statement so the cases that Plaintiff cites regarding the viability of Securities Act claims asserted against individual officers and directors of the issuer who sign the registration statement (as they are required to do under Section 6(a) of the Securities Act) are wholly inapposite.

Also inapposite is *In re Qudian Inc. Sec. Litig*. 2019 WL 4735376 (S.D.N.Y. Sept. 27, 2019).  There, the registration statement of the foreign issuer (Qudian) was signed by an individual, Diana Arias, without reference to her employer.  Indeed, the plaintiff in that case had only sued Ms. Arias and had not named her employer, Law Debenture, as a defendant in the case.  *See In re Qudian Sec. Litig.*, 17-CV-9741 (JMF), ECF No. 134 (Second Amended Complaint).  Further, the plaintiff alleged that Ms. Arias had signed the Qudian registration statement as Qudian's authorized representative.  *Id.* ¶ 26 ("Defendant Diana Arias ("Arias") signed the Registration Statement as the authorized representative in the United States for Qudian at the time of the IPO.")  And, significantly, unlike here, the Form F-1 Ms. Arias signed did not identify Law Debenture as the duly authorized representative.  *See* Declaration of Joanna Diakos in Further Support of the Cogency Defendants' Reply Memorandum of Law in Support of the Cogency Defendants' Joinder

2

("Reply Diakos Decl.") ¶ 3, Exhibit A at II-8 (identifying Ms. Arias as Qudian's authorized representative in the United States pursuant to the Securities Act of 1933 without any reference to Law Debenture).

Here, by contrast, Plaintiff has named Cogency Global as a defendant. Plaintiff has alleged that Cogency Global was the duly authorized representative of BlueCity and the documentary evidence makes clear that Ms. DeVries signed the Registration Statement "on behalf of" Cogency Global. *See* Joinder at 1; Diakos Decl. ¶ 3, Ex. 1 (Form F-1) at II-8, Ex. 2 (Amendment to Form F-1) at II-8; Ex. 3 (Form F-6). In light of these facts, the Section 11 claim against Ms. DeVries should be dismissed.

**B.    The Section 12(a)(2) Claim Should Be Dismissed**

*Second*, with respect to its Section 12(a)(2) claim, Plaintiff relies almost entirely on a number of pre-2010 cases for the proposition that at "the pleading stage, an allegation that a defendant signed the registration statement is sufficient to show solicitation and therefore that the defendant is a statutory seller under Section 12(a)(2)." (Opp. at 7.) As addressed in the Cogency Defendants' Joinder, however, since 2010, courts in New York have repeatedly held that a signature alone is not sufficient. (*See* Joinder at 2-3 (collecting cases.) Clearly, courts in this Circuit do not hesitate to dismiss Section 12(a)(2) claims where, as here, the only fact alleged in support of that claim is that the defendant "signed" the registration statement. (*Id.*)

Nor does Plaintiff's argument in its Opposition that without "DeVries' signature representing the imprimatur of Cogency Global, a requirement under Section 6(a) of the Securities Act, BlueCity could not have proceeded to register its securities in the U.S., solicit purchasers and sell shares in its IPO" change the analysis. (Opp. at 7.) As Judge Sullivan observed in *Citiline Holdings, Inc. v. iStar Fin., Inc.*, 701 F. Supp. 2d 506, 512 (S.D.N.Y. 2010), Section 11 and Section

3

12(a)(2) are distinct provisions with Section 11 imposing potential liability on one who signs, and Section 12 imposing potential liability on one who solicits. The difference between the two provisions would be rendered a "nullity" if a signature was all that was required for Section 12(a)(2) liability. *Id*. at 511; *see Emerson v. Mutual Fund Series Trust*, 393 F. Supp. 3d 220, 259-60 (E.D.N.Y. 2019) (dismissing Section 12(a)(2) claim and noting that Plaintiff "must allege facts amounting to active solicitation beyond signing the registration statements.").[1]

### C.    The Section 15(a) Claim Against Ms. DeVries Should Be Dismissed

The Section 15(a) claim against Ms. DeVries fails because Plaintiff has not properly alleged a primary violation under either Section 11 or Section 12(a)(2) of the Securities Act. Even if a primary violation had been properly alleged, which it has not been, the Section 15 claim asserted against Ms. DeVries should be dismissed because she is not alleged to have controlled anything.  The Amended Complaint lumps Ms. DeVries into the definition of "Individual Defendants" and thereafter alleges that the "Individual Defendants were control persons of BlueCity by virtue of their positions as directors and/or senior officers of BlueCity's predecessor entities immediately prior to the IPO" and/or that they were "culpable participants" in the alleged Section 11 violation "based on their having signed or authorized the signing of the Registration Statement . . . ."  (Am. Compl. ¶¶182-183.)  But, as noted in Section A above, and in the Joinder, Ms. DeVries is not a director or officer of BlueCity (she is an employee of Cogency Global) and she signed the Registration Statement on behalf of Cogency Global. Accordingly, there are no facts alleged that could support a Section 15 claim against her.

Further, while Plaintiff argues in its Opposition that the "IPO could not have occurred" without Ms. DeVries' signature and that the act of signing "conveyed to the SEC and investors

---

[1] The Court should also reject this argument because it is based on facts not alleged in the Amended Complaint.

that DeVries and Cogency Global had performed the pre-signing due diligence expected of every signatory in the IPO" and that "Ms. DeVries signature . . . signified the control that she and Cogency Global exerted over the Registration Statement" those allegations appear nowhere in the Amended Complaint and should be disregarded for that reason alone. *See, e.g., Emerson*, 393 F. Supp. 3d at 260 (refusing to consider additional facts alleged in support of claim that defendants were statutory sellers where such allegations were not contained in in the Amended Complaint). And even if they were actually alleged in the Amended Complaint, they would be insufficient because Ms. DeVries' alleged signature on the Registration Statement cannot serve as the basis for the Section 15 claim against her. *See, e.g., In re Petrobras Sec. Litig.,* 152 F. Supp. 3d 186, 197-98 (S.D.N.Y. Jan. 4, 2016) (dismissing Section 15 claim and noting that signing registration statement as U.S. authorized representative does "not establish control of an entity that committed a primary violation" and that defendant's "own alleged primary violation cannot serve as the basis of a § 15 claim against him. Control person liability is separate from § 11 liability, and plaintiffs cannot 'double back' so that the same conduct underlies both claims.").

## CONCLUSION

For all of these reasons and those set forth in BlueCity's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint, the Cogency Defendants respectfully request that the Amended Complaint be dismissed with prejudice.

Dated:  December 9, 2022                         Respectfully submitted,

                                                K&L GATES LLP

                                                By: /s/ *Joanna A. Diakos*
                                                    Joanna A. Diakos, Esq.
                                                    K&L Gates LLP
                                                    599 Lexington Avenue
                                                    New York, New York 10022
                                                    Tel.:  (212) 536-3900
                                                    Fax:  (212) 536-3901
                                                    Email:  joanna.diakos@klgates.com


                                                *Attorneys for Defendants Cogency Global*
                                                *Inc. and Colleen A. DeVries*

6